UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------X

| | | |
|---|---|---|
| BENJAMIN BARRON, Individually and on behalf of all others similarly situated, | : : : | Case No. 20-CV-5359 |
| Plaintiff, | : : : | **COLLECTIVE ACTION COMPLAINT AND <u>JURY DEMAND</u>** |
| v. | : : | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : : : | |
| Defendant. | : | |

-------------------------------------------------------X

## <u>PLAINTIFF'S COLLECTIVE ACTION COMPLAINT</u>

Plaintiff Benjamin Barron ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys Shavitz Law Group, P.A., alleges as follows:

### <u>NATURE OF THE ACTION</u>

1. This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated individuals who have worked as Internal Wholesalers or in comparable roles with different titles ("IWs") and Internal Wholesalers-In-Training ("IWs-In-Training") for THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential" or "Defendant") anywhere in the United States.

2. Prudential is a financial wellness leader and global investment manager with approximately $1.551 trillion of assets under management as of December 31, 2019. Through Prudential's subsidiaries and affiliates, we offer a wide array of financial products and services, including life insurance, annuities, retirement-related products and services, mutual funds and investment management. Prudential offers these products and services to individual and institutional customers through proprietary and third-party distribution networks.

3. Prudential employs IWs and IWs-In-Training in the United States.

4. In order to minimize labor costs, Prudential requires IWs and IWs-In-Training to regularly work overtime hours but does not pay them overtime wages for all overtime hours worked, both during and after their one-month training program.

5. The primary duties of the IW and IW-In-Training positions do not vary materially across Prudential's locations.

6. Throughout the relevant period, Prudential's policy has been to uniformly classify IWs and IWs-In-Training as exempt from federal overtime provisions and not pay IWs and IWs-In-Training overtime wages for all overtime hours worked.

7. By the conduct described herein, Defendant has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA") by failing to pay IWs and IWs-In-Training, including Plaintiff, the overtime wages they have earned and to which they are entitled by law.

8. Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendant nationwide who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

## **THE PARTIES**

### *Plaintiff*

9. Plaintiff Benjamin Barron ("Barron") is an adult individual who is a resident of Eden Prairie, Minnesota.

10. Barron was employed by Defendant as an IW-In-Training from approximately February 2019 to March 2019 in Minnesota. Barron was employed by Defendant as an IW from approximately March 2019 to November 2019 in Minnesota.

11. As an IW-In-Training and an IW, Barron was paid a salary and was not paid overtime wages for overtime hours worked. Defendant paid Barron an annual base salary of approximately $50,000.

12. Pursuant to Defendant's policy, pattern, and/or practice, Barron regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked.

13. As an IW, Barron worked between 50 and 60 hours per week. Barron was not paid overtime wages during any workweeks for the hours he worked as an IW in excess of 40 each week.

14. As an IW-In-Training, Barron worked between 50 and 55 hours per week. Barron was not paid overtime wages during any workweeks for the hours he worked as an IW-In-Training in excess of 40 each week.

15. At all times relevant hereto, Barron was a covered employee within the meaning of the FLSA.

16. A written consent form for Barron is attached hereto as Exhibit A.

### *Defendant*

17. Prudential is a New Jersey corporation with a principal place of business at 751 Broad Street, Newark, NJ 07102.

18. At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA.

19. Throughout the relevant period, Defendant employed Plaintiff and other IWs-In-

Training and IWs within the meaning of the FLSA. Defendant has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

20. At all times relevant, Defendant maintained control, oversight and direction over Plaintiff and other IWs-In-Training and IWs, including timekeeping, payroll and other employment practices that applied to them.

21. Defendant applies the same employment policies, practices, and procedures to all IWs-In-Training and IWs.

22. At all times relevant, each Defendant's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

24. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

25. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a resident of the State of New Jersey and has its principal place business in this District.

## COMMON FACTUAL ALLEGATIONS

26. Throughout their employment with Defendant, Plaintiff and other IWs-In-Training and IWs regularly worked in excess of 40 hours per week.

27. Defendant was aware that Plaintiff and other IWs-In-Training and IWs worked more than 40 hours per workweek, yet Defendant failed to pay them overtime compensation for any of the hours worked over 40 in a workweek.

28. The primary duties of Plaintiff and other IWs-In-Training and IWs were non-exempt in nature.

29. IWs-In-Training learn Defendant's products and services, study training materials, and complete assignments.

30. If IWs-In-Training do not timely complete their training requirements and pass quizzes within the time allotted by Defendant, they are subject to adverse employment action up to and including termination.

31. After passing their training program, IWs-In-Training become IWs. According to Defendant's job description, "the primary role of the Internal Wholesaler is to drive sales and develop relationships with financial professionals' management accounts."

32. IWs do not provide investment advice. Rather, IWs typically receive requests from financial professionals to provide rates on life insurance products. IWs enter the information into a system called WinFlex which would provide the rate proposals from the respective life insurance providers. IWs then provide that rate and policy information to the financial professionals.

33. IWs had to follow Defendant's policies and procedures or face discipline or termination, stripping them of the necessary discretion and independent judgment to be an exempt employee.

34. During the relevant period, Defendant uniformly classified IWs-In-Training and IWs as exempt from federal overtime pay requirements.

35. All of the work that Plaintiff and other IWs-In-Training and IWs performed was assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff and other IWs-In-Training and IWs performed.

36. Upon information and belief, Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

37. Defendant was aware, or should have been aware, that federal wage and hour laws required it to pay Plaintiff and other IWs-In-Training and IWs overtime compensation for hours worked in excess of 40 per week.

38. Defendant was aware, or should have been aware, that Plaintiff's and other IWs-In-Training and IWs' primary duties do not fall within any overtime exemption under the FLSA.

39. Defendant ignored the United States Department of Labor's regulation (29 C.F.R. § 541.705) which states that exemptions to the FLSA's overtime pay requirements do not apply to employees in training, like IWs-In-Training.

40. Defendant's failure to pay Plaintiff and other IWs-In-Training and IWs overtime wages was willful.  Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

41. Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendant as IWs-In-Training and/or IWs in the United States, on or after April 30, 2017, who elect to opt-in to this action (the "FLSA Collective").

42. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

43. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

      a.    willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek; and

      b.    willfully misclassifying Plaintiff and the members of the FLSA Collective as exempt from the protections of the FLSA.

44. Defendant is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

45. Plaintiff and the FLSA Collective all perform or performed the same or similar primary duties.

46. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (On behalf of Plaintiff and the FLSA Collective)

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

49. Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

50. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

52. Each Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Plaintiff and other similarly persons are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

54. Defendant failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

55. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

56. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to the First Cause of Action, pursuant to 29 U.S.C. § 255.

57. As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

58. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E. A reasonable incentive award for the Plaintiff to compensate him for the time and effort he has spent protecting the interests of other IWs and IWs-In-Training, and the risks he has undertaken.

F. Attorneys' fees, expert fees and costs, and costs of the action; and

G. Such other injunctive and equitable relief as this Court shall deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York      Respectfully submitted,
       April 30, 2020

*Michael Palitz*

---
Michael J. Palitz
SHAVITZ LAW GROUP, P.A.

        800 3rd Avenue, Suite 2800
        New York, New York 10022
        Tel:    (800) 616-4000
        Fax:   (561) 447-8831

        Gregg I. Shavitz*
        Tamra Givens*
        SHAVITZ LAW GROUP, P.A.
        951 Yamato Road, Suite 285
        Boca Raton, Florida 33431
        Tel:    (561) 447-8888
        Fax:   (561) 447-8831

        ***Attorneys for Plaintiff and the Putative Collective***

*pro hac vice* application forthcoming